IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SILVIA MARTINEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ARAMARK SERVICES, INC., ARAMARK ) <br> FACILITY SERVICES, INC., ARAMARK ) <br> BUSINESS FACILITIES, LLC (and each doing ) <br> business as "Aramark"), ) <br> ) <br> Defendants. ) | Court No. 1:20-cv-336 <br><br> **Jury Trial Demanded** |

## ANSWER AND AFFIRMATIVE DEFENSES OF ARAMARK UNIFORM & CAREER APPAREL, LLC TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, Aramark Uniform & Career Apparel, LLC (incorrectly sued as "Aramark Services, Inc., Aramark Facility Services, Inc., and Aramark Business Facilities, LLC), by and through its attorneys, Wood Smith Henning & Berman, LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

### THE PARTIES

1. Plaintiff, Ms. Martinez, is a resident of the State of Illinois and of this County.

**ANSWER**: This Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 1, and thus neither admits nor denies them but demands strict proof thereof.

2. Defendant, Aramark Services, Inc. is a Delaware corporation. Upon information and belief, at all relevant times, this Aramark entity regularly and continuously was doing and transacting business in this County

**ANSWER**: This Defendant admits that Aramark Services, Inc. is a corporation organized under the laws of the State of Delaware, but has insufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 2, and thus neither admits nor denies them but demands strict proof thereof.

3. Defendant, Aramark Facility Services, Inc. is a Delaware corporation. Upon information and belief, at all relevant times, this Aramark 'entity regularly and continuously was doing and transacting business in this County.

**ANSWER**: **This Defendant denies the allegations contained in Paragraph 3.**

4. Defendant, Aramark Business Facilities, LLC, is a Delaware limited liability company. Upon information and belief, at all relevant times, this Aramark entity regularly and continuously was doing and transacting business in this County.

**ANSWER**: **This Defendant admits that Aramark Business Facilities, LLC is a limited liability company organized under the laws of the State of Delaware, but has insufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 4, and thus neither admits nor denies them but demands strict proof thereof.**

5. The three above-referred Aramark entities will collectively be referred to in this Complaint as "Aramark." Each of them engage in business under the "Aramark" name.

**ANSWER**: **This Defendant denies the allegations contained in Paragraph 5.**

6. Venue is proper in this Court pursuant to 735 ILCS 5/2-101(1) and (2).

**ANSWER**: **This Defendant admits the allegations contained in Paragraph 6.**

## BACKGROUND FACTS

7. At all relevant times, Aramark was responsible for maintaining, cleaning, and supervising the premises at the James R. Thompson Center/States of Illinois Building, located at 100 W. Randolph Street in Chicago, Illinois (hereinafter "the Premises"). Upon information and belief, Aramark was performing such services pursuant to a written contract.

**ANSWER**: **This Defendant denies the allegations contained in Paragraph 7.**

8. On or about December 29, 2017, Ms. Martinez was properly and lawfully on and inside the Premises, and thus had permission and authorization to be in, on, and inside the Premises.

**ANSWER**: **This Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 8, and thus neither admits nor denies them but demands strict proof thereof.**

9. At all relevant times on that date, and while on and inside the Premises, Ms. Martinez was keeping a proper look-out and reasonably and prudently watching out for her own safety.

**ANSWER**: **This Defendant denies the allegations contained in Paragraph 9.**

10. As Ms. Martinez walked through the inside of the Premises, she came upon a matt. Unbeknownst to Ms. Martinez, that matt was not properly maintained, positioned, and anchored. As Ms. Martinez made contact with the matt, it gave way and moved - causing her to slip and fall.

**ANSWER**: **This Defendant denies the allegations contained in Paragraph 10.**

11. Ms. Martinez was immediately taken by ambulance to Northwestern Hospital in Chicago.

**ANSWER**: **This Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 11, and thus neither admits nor denies them but demands strict proof thereof.**

12. As a direct and proximate result of the above-described occurrence, Ms. Martinez suffered substantial physical and psychological injuries for which she has received extensive medical treatment and for which she may receive additional medical treatment, including torn meniscus in her left knee that ultimately resulted in surgery after weeks of physical therapy, as well as physical therapy to recover after that surgery.

**ANSWER**: **This Defendant denies the allegations contained in Paragraph 12.**

13. Ms. Martinez did not cause or contribute to that occurrence.

**ANSWER**: **This Defendant denies the allegations contained in Paragraph 13.**

14. Ms. Martinez filed a report regarding the above-referenced occurrence with the Illinois State Police.

**ANSWER**: **This Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 14, and thus neither admits nor denies them but demands strict proof thereof.**

## LEGAL CLAIMS
## COUNT I
## (NEGLIGENCE)

15. Ms. Martinez incorporates and realleges by reference, as though fully set forth herein, Paragraphs 1 through 14 above, as Paragraph 15 of Count 1.

**ANSWER**: **This Defendant adopts and incorporates by references its answers to Paragraphs 1 through 14 above as its answer to Paragraph 15.**

16. At all relevant times, Aramark owed a duty, including to Ms. Martinez, to maintain, operate, clean, and supervise the Premises, including the above-referenced matt and the

area in and around it, in a safe manner that did not present an unreasonable risk of injury to those who were authorized and lawfully upon the Premises.

**ANSWER**: **This Defendant admits only those duties imposed upon it by law, but denies any breach of duties herein and denies the remaining allegations of Paragraph 16 not specifically admitted.**

17. Aramark breached those duties in one or more of the following ways: carelessly and negligently failed to securely anchor the matt in such a way that it could not and would not give way; carelessly and negligently failed to monitor the use and operation of the matt and the surrounding premises; carelessly and negligently failed to perform inspection, maintenance, and repair on the matt; carelessly and negligently failed to warn her of the potential that the matt could give way, or of its condition, including by way of signage or otherwise; and carelessly and negligently failing to monitor and supervise those who were maintaining the Premises for it.

**ANSWER**: **This Defendant denies the allegations contained in Paragraph 17.**

18. As a direct and proximate result of Aramark's above-reference negligent acts and omissions, Ms. Martinez suffered her above-referenced fall.

**ANSWER**: **This Defendant denies the allegations contained in Paragraph 18.**

19. As a direct and proximate result of Aramark's above-referenced negligent acts and omissions, Ms. Martinez has suffered damages, including but not limited to physical injuries, psychological injuries, pain and suffering, lost wages, and medical expenses.

**ANSWER**: **This Defendant denies the allegations contained in Paragraph 19.**

WHEREFORE, Defendant, Aramark Uniform & Career Apparel, LLC (incorrectly sued as "Aramark Services, Inc., Aramark Facility Services, Inc., and Aramark Business Facilities, LLC), prays that Plaintiff's Complaint at Law be dismissed and that judgment be entered in its favor and against Plaintiff, including the award of costs wrongfully incurred in the defense of this matter.

**AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Aramark Uniform & Career Apparel, LLC (incorrectly sued as "Aramark Services, Inc., Aramark Facility Services, Inc., and Aramark Business Facilities,

LLC), by and through its attorneys, WOOD SMITH HENNING & BERMAN LLP, and for its Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

**Affirmative Defense No. 1**

This Defendant is entitled to a set-off from any settling tortfeasor regardless of whether or not they are actual Defendants or Third-Party Defendants. This Defendant is entitled to the set-off regardless of whether the Court has entered a good faith finding.

**Affirmative Defense No. 2**

That if the allegations contained in Plaintiff's Complaint are true, which this Defendant denies, Plaintiff's contributory negligence reduces any recovery she may make in this matter in that she:

    A.    Failed to keep a proper lookout;

    B.    Carelessly and negligently failed to watch where she was walking;

    C.    Failed to exercise due care and caution in the area where she was walking; and

    D.    Was otherwise careless or negligent.

**Affirmative Defense No. 3**

That if the allegations contained in Plaintiff's Complaint are true, which this Defendant denies, the Plaintiff's contributory negligence is greater than 50%, and thus, bars any recovery she may make in that she:

    A.    Failed to keep a proper lookout;

    B.    Carelessly and negligently failed to watch where she was walking;

    C.    Failed to exercise due care and caution in the area where she was walking; and

    D.    Was otherwise careless or negligent.

**Affirmative Defense No. 4**

That if the allegations contained in Plaintiff's Complaint are true, which this Defendant denies, the sole and proximate cause of the injuries and damages sustained was not the conduct of this Defendant, but the conduct of the Plaintiff or some other party not sued by the Plaintiff.

**Affirmative Defense No. 5**

That if the allegations contained in Plaintiff's Complaint are true, which this Defendant denies, the condition that allegedly caused Plaintiff's injuries was open and obvious at all relevant times.

**Affirmative Defense No. 6**

That if the allegations contained in Plaintiff's Complaint are true, which this Defendant denies, this Defendant had no notice of the alleged defective condition.

Respectfully submitted,

By: */s/ Craig M. Derrig*
Craig M. Derrig, ARDC #6277369
Keith K. Ybanez, ARDC #6318216
WOOD SMITH HENNING & BERMAN, LLP
222 South Riverside Plaza
Suite 640
Chicago, IL 60606
312-766-4450 (p)
312-766-4451 (f)
cderrig@wshblaw.com
kybanez@wshblaw.com
***Attorneys for Aramark Uniform Career Apparel, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the **16th** day of **January 2020**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

and I hereby certify that I will mail the document by U.S. Mail to the following non-filing user:

Michael I. Leonard
Rebecca Chacko
LeonardMeyer, LLP
120 North LaSalle, Suite 2000
Chicago, IL 60602
mleonard@leonardmeyerllp.com
rhacko@leonardmeyerllp.com
***Attorneys for Plaintiff, Silvia Martinez***

By: */s/ Craig M. Derrig*